NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE: EUGENE H. LUOMA,**
*Appellant*

---

2019-2315

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 95/001,754.

---

Decided: March 11, 2022

---

ROBERT GREENSPOON, Dunlap Bennett & Ludwig PLLC, Chicago, IL, for appellant Eugene H. Luoma.

---

Before MOORE, *Chief Judge*, CHEN and HUGHES, *Circuit Judges*.

PER CURIAM.

Eugene H. Luoma appeals from an *inter partes* reexamination decision of the Patent Trial and Appeal Board that affirmed an examiner's rejection of claims 1, 2, 4–8, 10, and 11 of U.S. Patent No. 6,775,873. *GT Water Prods., Inc. v. Luoma*, No. 2015-003755, 2015 WL 4552062 (P.T.A.B. July 27, 2015) (*Board Decision*). The Board found

that Hymes[1] anticipated claims 1, 2, 4, 6–8, and 11 and held that claims 5 and 10 would have been obvious over that same reference. For the following reasons, we *affirm*.

I

The '873 patent relates to "an apparatus for removing hair from a drain[.]" '873 patent at 1:8–9. Claim 1 is representative for purposes of this appeal:

1. Apparatus for removing hair from a drain, comprising:

(a) an elongate, flexible strip;

(b) the elongate, flexible strip having a plurality of barbed portions, the barbed portions being adapted to grip hair in the drain, wherein the barbed portions are oriented at an acute angle to the axis of the elongate strip, wherein the vertex of the angle points away from the handle; and

(c) *a handle, wherein the handle is a distinct structural element from the elongate, flexible strip.*

(emphasis added to handle limitation). A passage in the written description describes an embodiment of the claimed handle:

A handle 22 is attached to the flexible strip 12 at the proximal end 14. Preferably, the handle 22 is integrally molded with the strip 12. The handle may have an aperture 24 therethrough to allow the handle to be gripped by a person's fingers, as best seen in FIGS. 3 and 4.

---

[1]    U.S. Patent No. 834,135 (Hymes).

> Operation of the device is shown in FIGS. 3, 4, and 5. Turning to FIG. 3, a person grips the device 10 by its handle 22, preferably by inserting a finger through the aperture 24. The device 10 is then inserted into the drain D, with the distal end 16 leading, as shown by the arrow in FIG. 3.

*Id.* at 2:12–21. That description references figure 3, which provides a helpful visual:



*Fig.3.*

## II

Luoma first argues the Board adopted an unreasonably broad construction of the handle limitation. He distinguishes a handle—something "designed or made specifically to be held, grasped, or operated by a hand"—from something that is handleable. *See, e.g.*, Appellant's Br. 9. And he faults the Board for not limiting the claimed handle according to this distinction. We do not agree.

The broadest reasonable interpretation of the handle limitation does not require any particular structure or design purpose. *See In re Rambus, Inc.*, 753 F.3d 1253, 1255 (Fed. Cir. 2014) (In *inter partes* reexamination proceedings, claims are given their "broadest reasonable interpretation consistent with the specification."). Nothing in the claim

language or written description requires the handle have some structural feature specifically designed for holding—like a finger depression, an aperture, or a knob. *Contra* Appellant's Br. 10 (arguing Hymes lacks such structure). The written description has no redefinition of the word handle, nor does it contain a disavowal of claim scope. The handle is simply the portion of the apparatus that a user grips. *See* '873 patent at 2:12–21. Certainly, the handle must be structurally distinct from the elongate, flexible strip. *Id.* at claim 1. But that does not limit the claimed handle to a particular design. Accordingly, we agree with the Board's construction. *See Board Decision* at *7 (construing "a handle" to mean the portion held by the user that is distinct from the elongate, flexible strip).

Applying this construction, substantial evidence supports the Board's finding that Hymes teaches the claimed handle. *See Vicor Corp. v. SynQor, Inc.*, 869 F.3d 1309, 1320 (Fed. Cir. 2017) (reviewing findings in an *inter partes* reexamination for substantial evidence). Hymes' sewer opener "consists of a number of concentric coils [B] composed of a continuous strip of spring-steel properly tempered so as to readily conform to the change required in practical use." Hymes ll. 17–21. Those concentric coils B "may by drawn out longitudinally," *id.* ll. 30–31, and "can be *manipulated* in a small space by being uncoiled as it is inserted in the passage to be opened," *id.* ll. 60–62 (emphasis added). Also, those coils are described as distinct from another structural element of the sewer opener, the working end. That working end has a spear point C and several barbs D:



*Id.* Fig. 1; *see also id.* ll. 36–45.  Based on this disclosure, the Board found Hymes taught a structure held by the user and distinct from the elongate, flexible strip (i.e., the working end).  *See Board Decision* at *7.  And we cannot say that finding is unsupported by substantial evidence.

### III

Luoma also argues that substantial evidence does not support the Board's finding that Hymes' working end is an "elongate, flexible strip."  He claims that end is "short, straight, unbent, [and] inflexible."  Appellant's Br. 3.  But there is no indication in this record that Luoma presented that argument below.  *See Board Decision* at 5 (summarizing Luoma's arguments).  So it is not clear whether Luoma has preserved this argument.  *See, e.g.*, *Cal. Ridge Wind Energy LLC v. United States*, 959 F.3d 1345, 1351 (Fed. Cir. 2020) ("We may deem an argument forfeited when a party raises it for the first time on appeal.").  Even so, we do not agree with Luoma on the merits.

Substantial evidence supports the Board's finding that the working end in Hymes is elongate and flexible.  Hymes repeatedly describes embodiments of its sewer opener as "composed of *a* strip of tempered *spring*-steel" or "composed of *a continuous* strip of *spring*[ ]steel."  *E.g.*, Hymes ll. 18–19, 27–28 (emphases added).  This suggests the sewer opener has the same spring-like properties throughout, including at the working end.  Hymes further describes how the opener's continuous, spring-steel form allows it to "be[] uncoiled as it is inserted in the passage to be opened, and when withdrawn the resilience is so great as to automatically return to the coiled position."  *Id.* ll. 58–64.  This also supports a finding that the working end is flexible.  And

the working end of Hymes is depicted in the figures as elongate:



*Id.* Fig. 3.  In light of this evidence, we cannot say the Board's findings were unsupported.

## IV

Based on the foregoing, we hold the Board correctly construed the claimed handle.  And under that construction, substantial evidence supports the Board's finding that Hymes teaches that handle.  Likewise, substantial evidence supports the Board's finding that Hymes teaches an elongate, flexible strip.  Accordingly, we affirm.

### **AFFIRMED**

COSTS

No costs.